UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JAMES DEAN VANDERPOOL, )
)
Plaintiff, )
)
v. )   Case No. 4:23-cv-1615 NCC
)
CTO UNKNOWN FERGUSON, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

Self-represented Plaintiff James Vanderpool brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a prisoner at Potosi Correctional Center ("PCC") in Mineral Point, Missouri. ECF No. 2 at 1. In his signed and sworn motion, Plaintiff states that he is not employed and has no income, but that he has received money from the IRS in the past twelve months. *Id.* at 1-2. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**The Initial Complaint**

Plaintiff initiated this case by filing a "Complaint for Violation of Civil Rights" form, naming five defendants associated with Potosi Correctional Center ("PCC"). ECF No. 1 at 1-3. The allegations in the 'Statement of Claim' section are very difficult to read but it appears that Plaintiff is claiming that a prison guard, Unknown Ferguson, sexually harassed him on multiple occasions when he saw Plaintiff's penis during a "drug drop." *Id.* at 4-5. In the 'Injuries' section, Plaintiff states that there is no injury "just rude comments." *Id.* at 5. Plaintiff seeks 25 million dollars in damages. *Id.*

Plaintiff attached fifty-eight (58) pages of documents to his initial complaint. ECF No. 1-1. Most of the documents are not pertinent to the allegations of the complaint, including unrelated grievance filings and 'Classification Hearing Forms' regarding Plaintiff's placement in protective custody. However, it appears that Plaintiff did file an 'Offender Grievance' alleging sexual harassment by correctional officer Ferguson in regard to Ferguson "watching inmates in showers

and urinat[ing] in toilets when inmates use the restroom."[1] *Id.* at 17. This grievance was denied after Plaintiff's claims were found to be unsubstantiated because there was no "evidence of PCC staff being involved in any malicious behavior directed toward [Plaintiff]." *Id.* at 18. Plaintiff's appeal of the grievance denial was also denied. *Id.* at 20.

### The Amended Complaint

On December 20, 2023, the Court issued an Order directing Plaintiff to file an amended complaint because his initial complaint was not on a Court-provided form and Plaintiff had not signed it. ECF No. 4; *see also* ECF No. 1 at 11. Plaintiff filed his amended complaint on February 6, 2024. ECF No. 5.

Plaintiff's amended complaint is also brought under 42 U.S.C. § 1983, but it only names one defendant, Unknown Ferguson, in his official capacity. ECF No. 5 at 2. Plaintiff left the 'Statement of Claim' section of the amended complaint blank. In the 'Injuries' section, Plaintiff states only: "Mental Disorder." *Id.* at 3-4. In his 'Exhaustion of Administrative Remedies' section, Plaintiff explains that his claim relates to sexual harassment experienced four times "during a drug drop" and that defendant denied it happened and called him a "liar." *Id.* at 6-7. Plaintiff left the 'Relief' section blank as well. *Id.* at 5.

### Discussion

Normally, because the filing of an amended complaint completely replaces all previously filed complaints and supplements, the amended complaint is the operative complaint and it is the only pleading reviewed by the Court. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an

---

[1] This Offender Grievance numbered "PCC-22-667" began with the filing of an Informal Resolution Request ("IRR") by Plaintiff on June 10, 2022. *See* ECF No. 1-1 at 30. However, Plaintiff's June 10 IRR does not contain any allegations of sexual harassment by Ferguson; these allegations are not raised by Plaintiff until the filing of the Offender Grievance on August 25, 2022. *Id.* at 17 & 30.

original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or any supplements that are not included in the amended complaint would be deemed abandoned. *Id.*

In this case, Plaintiff's amended complaint contains insufficient factual allegations to support a claim under 42 U.S.C. § 1983 against correctional officer Ferguson. The 'Statement of Claim' section of the amended complaint is blank. The only suggestion of Plaintiff's claim can be found in the 'Exhaustion of Administrative Remedies' section, which refers to sexual harassment that occurred during a drug drop. This allegation fails to assert any facts that show how Ferguson is causally linked to, and directly responsible for, violating Plaintiff's rights. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights). Plaintiff merely names Ferguson as a defendant without alleging, with any specificity, that he did anything to violate his rights. As a result, the amended complaint fails to state a claim upon which relief may be granted. *See also Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints"); *Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of pro se complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

However, in light of Plaintiff's self-represented status and the Court's duty to liberally construe self-represented pleadings, the Court will look to the initial complaint as well, to understand Plaintiff's claim. *See Edmonds v. Meyer*, 842 F. App'x 13 (8th Cir. 2021) (looking to self-represented plaintiff's initial complaint (after he had filed an amended complaint) to understand his intended claims) (citing *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843,

849 (8th Cir. 2014) (explaining that courts should construe pro se complaints liberally, meaning that "if the essence of an allegation is discernible," even if not "pleaded with legal nicety," the complaint should be construed "in a way that permits the layperson's claim to be considered within the proper legal framework")). As discussed in more detail below, after careful review and liberal construction of Plaintiff's complaints, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

## I. Failure to State a Claim of Sexual Harassment

As best the Court can decipher, Plaintiff is asserting a claim of sexual harassment based on his penis being viewed by defendant Ferguson when Plaintiff supplied urine samples for drug tests on multiple occasions at PCC. Plaintiff also states that there was no injury, just that Ferguson made rude comments.

"Intentional sexual harassment by persons acting under color of state law violates the Fourteenth Amendment and is actionable under § 1983." *Moring v. Ark. Dep't of Corr.*, 243 F.3d 452, 455 (8th Cir. 2001). As such, a prisoner can bring a cause of action pursuant to § 1983 for sexual harassment by a correctional employee. *See Watson v. Jones*, 980 F.2d 1165 (8th Cir. 1992). Because sexual harassment or abuse of a prisoner by a correctional officer can never serve a legitimate penological purpose, such abuse can constitute the unnecessary and wanton infliction of pain. *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997) (internal citations omitted). To prevail on a constitutional claim of sexual harassment, a prisoner must prove that, as an objective matter, the alleged abuse or harassment caused pain and, as a subjective matter, that the officer acted with a sufficiently culpable state of mind. *Id.* However, "sexual harassment, absent contact or touching, does not constitute unnecessary and wanton infliction of pain." *Howard v. Everett*, 208 F.3d 218, at *1 (8th Cir. 2000) (unpublished opinion).

As Plaintiff's sexual harassment allegations do not involve contact or touching, the facts alleged cannot constitute unnecessary and wanton infliction of pain and therefore, fail to state a sexual harassment claim against Ferguson. Furthermore, to the extent that Plaintiff is claiming that Ferguson made rude comments while Plaintiff was providing urine samples, this is not enough to state a claim for relief either. In general, allegations of "unspecific verbal harassment" do not state a claim under § 1983. *See Williams v. Harness*, 221 F.3d 1346 (8th Cir. 2000) (citing *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir.1993) (inmate's claims of general harassment and of verbal harassment were not actionable under § 1983)). For these reasons, Plaintiff's sexual harassment claim must be dismissed for failure to state a claim.

## II.     Claim brought in Official Capacity Only

The Court notes that even if Plaintiff had plead sufficient facts for a sexual harassment claim, this case would still be subject to dismissal because Plaintiff named defendant Ferguson in his official capacity only.[2] In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). As such, Plaintiff's official capacity claim against Ferguson is actually a claim against Ferguson's employer, the Missouri Department of Corrections – an agency of the State of Missouri.

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983"). In the

---

[2] Defendant Ferguson was named in his official capacity only in both Plaintiff's initial and amended complaints. *See* ECF Nos. 1 at 2; 5 at 2.

absence of a waiver, the Eleventh Amendment[3] bars a § 1983 suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998).

Therefore, Plaintiff's official-capacity claim against defendant Ferguson for money damages is barred by the Eleventh Amendment and must be dismissed. *Andrus ex rel. Andrus v. Ark.*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment."); *Arizonans for Official English v. Ariz.*, 520 U.S. 43, 69 n.24 (1997) ("State officers in their official capacities, like States themselves, are not amenable to suit for damages under § 1983.").

As such, for all of these reasons, this case must be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding. *See* 28 U.S.C. § 1915(b)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to any defendant because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims are **DISMISSED without prejudice.** *See* 28 U.S.C. § 1915(e)(2)(B).

---

[3] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 15th day of April, 2024.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE